UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAID KING JOHNSON,<br>Petitioner,<br>v.<br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br>Respondent. | Case No. 1:26-cv-7332-DAD-JDP<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

On or about December 11, 2021, Border Patrol agents encountered petitioner Shaid King Johnson at the southern border, served him with a notice to appear in immigration court, and released him into the United States on an order of recognizance. On April 3, 2026, ICE re-detained petitioner after an arrest by local authorities. Petitioner has been detained since that time without a bond hearing. Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241 for his release. For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

**Background**

On December 11, 2021, petitioner entered the United States without permission at the southern border. ECF No. 7 at 13. Border Patrol agents encountered him, issued him a notice to appear for immigration court, and released him into the United States with an order of recognizance on December 12, 2021. *Id.* at 13, 16.

On October 27, 2025, an immigration judge ordered petitioner removed and denied all forms of humanitarian relief. ECF No. 7 at 20. Petitioner appealed this decision to the Board of Immigration Appeals ("BIA"), and his appeal is pending. *Id.* at 26.

On April 1, 2026, local police arrested petitioner for neglect of a child. ECF No. 7 at 37. ICE found petitioner in local custody, placed a detainer upon him, *id.* at 29, and re-detained him on April 3, 2026, upon his release from jail, *id.* at 13, 39. There is no indication in the record that immigration authorities conducted a custody determination or provided petitioner with Department of Homeland Security ("DHS") Form I-286. *See* ECF No. 7. On June 2, 2026, a state prosecutor filed a "nolle prosequi" with the court, indicating that charges would not be filed for the state arrest. ECF No. 7 at 37. Petitioner has not been provided a bond hearing. *See* ECF No. 7 at 2

**Procedural History**

On June 18, 2026, petitioner filed a pro se petition for writ of habeas corpus in the Middle District of Florida, where he was detained. *See* ECF No. 7 at 45. The court denied the petition. *Id.* at 54. The court found that petitioner's detention "falls under 8 U.S.C. § 1226(a)" and that under that section "Johnson can seek a bond hearing." *Id.* The court stated that it would not "order the Government to provide a statutory mechanism that Johnson has not sought through the administrative process available to him." *Id.* at 55. With respect to petitioner's claim of a "procedural due process violation," the court stated that it was "not clear which process he failed to receive." *Id.* The court again noted that petitioner had not requested a bond hearing and thus "the Government has not deprived him of anything at this point." *Id.*

Petitioner is currently detained in this District. He filed the pro se petition in this matter on September 11, 2026.[1] ECF No. 1. Respondent has moved to dismiss the petition. ECF No. 7.

---

[1] Petitioner filed a motion for appointment of counsel. ECF No. 3. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." *See* Rule 8(c), Fed. R. Governing § 2254 Cases. I do not find that the interests of justice require appointment of counsel at the present time. Petitioner's motion to appoint counsel is therefore denied.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner claims that his re-detention by ICE without a pre-deprivation hearing violates due process.[2] ECF No. 1 at 7. Respondent moves to dismiss the petition on the basis that it is successive and abuses the writ. ECF No. 7 at 2. Respondent also argues that petitioner is lawfully detained pending removal proceedings. *Id.* at 3. Finally, respondent addresses the due process claim and argues that it should be denied as detention is not yet prolonged, and petitioner has the administrative right to a custody determination hearing. ECF No. 7 at 4-5.

I first address the abuse-of-the-writ argument. Petitioner's first habeas petition was filed in pro se on June 18, 2026, in the Middle District of Florida, where he was detained. *See* ECF No. 7 at 45. The court denied the petition finding that petitioner's detention falls under 8 U.S.C. § 1226(a)"and that under that section Johnson can seek a bond hearing." *Id.* at 54. The court stated that it would not "order the Government to provide a statutory mechanism that Johnson has not sought through the administrative process available to him." *Id.* With respect to petitioner's claim of a procedural due process violation, the court stated that it was "not clear which process

[2] Petitioner's pro se filing is entitled to liberal construction. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Charan S. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-3017-TLN-JDP, 2026 WL 1144158, at *1 n.1 (E.D. Cal. Apr. 28, 2026) (applying liberal construction to pro se immigration habeas filing).

he failed to receive." *Id.* The court again noted that petitioner had not requested a bond hearing, and thus "the Government has not deprived him of anything at this point." *Id.* The court's order indicates that it did not consider petitioner to have raised a challenge to his re-detention without procedural due process. *See id.* at 54.

The question is whether petitioner's subsequent petition in this matter constitutes "abuse of the writ." I find that it does not. "Generally, the abuse of the writ doctrine 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.' " *Petrocelli v. Angelone*, 248 F.3d 877, 884 (9th Cir. 2001) (quoting *Calderon v. United States Dist. Ct.*, 163 F.3d 530, 538 (9th Cir. 1998) (en banc)). The Court of Appeals has recognized that the common law doctrine of the abuse of the writ doctrine may apply to successive habeas petitions challenging immigration detention filed pursuant to section 2241. *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011) ("Under the abuse of the writ doctrine, a successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain that claim.").

I have compared the two petitions. The first petition alleged that the government violated petitioner's right to procedural due process. *See* ECF No. 7 at 51. However, it did not set forth sufficient allegations to allow the district court to determine that petitioner had previously been released from ICE custody and therefore that he challenged his re-detention without a pre-deprivation hearing. *See id.* It does not appear from the court's order that it knew that petitioner had been previously released on his own recognizance, which establishes, as discussed below, that petitioner had a liberty interest against being re-detained without procedural due process. *See id.* at 16. Accordingly, I find that petitioner did advance a procedural due process claim in his first petition, but that the record had not been sufficiently developed to support that claim and thus the district court could not determine "which process" petitioner claimed not to receive. *See id.* at 55.

The current record allows me to determine that petitioner alleges that he has been deprived of his right to procedural due process at the time of his re-detention. I thus can address

his procedural due process claim on the merits. Accordingly, I find that petitioner has shown cause for bringing a successive petitioner and that prejudice would result from my failure to entertain this claim.[3] I recommend that the motion to dismiss be denied.

Normally in addressing the merits of the petition, I first determine the statutory basis for petitioner's detention. However, the record is unclear on this issue. When petitioner was re-detained by immigration authorities, they provided him an arrest warrant, but there is no indication that they provided him with a custody determination, which would have been memorialized on a DHS Form I-286. This suggests that his detention was under 8 U.S.C. § 1225(b)(2)(A).[4] Without a custody determination form, which provides a noncitizen the opportunity to request a bond hearing in front of an immigration court, there is no indication that petitioner would have known that he was detained under section 1226(a) and not section 1225(b). If ICE in fact detained petitioner under section 1226(a), the lack of an initial custody determination itself is a basis for habeas relief. *See Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-5661-DAD-SCR, 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (holding that failure to comply with express terms of section 1226 prevents the court from concluding that the noncitizen was detained on that basis).

---

[3] As an alternate ground for rejecting respondent's abuse of the writ argument, I find that the government has not pled the issue "with clarity and particularity." *See McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991). In *McCleskey*, the Supreme Court held that when a prisoner files a second or subsequent habeas petition, the government bears the burden of pleading abuse of the writ by, "with clarity and particularity," noting petitioner's prior writ history and identifying the claims that appear for the first time. *See id.* Respondent has not met this burden; rather, it argues that this petition "raises claims that could have been raised" in the first habeas petition. *See* ECF No. 7 at 2.

[4] On July 8, 2025, ICE instructed its employees not to conduct initial custody determinations using DHS Form I-286 for noncitizens who are "present in the United States who [have] not been admitted" because "Form I-286 applies by its terms only to custody determinations under INA § 236 [8 U.S.C. § 1226(a)] and part 236 of title 8 of the code of Federal Regulations." *See Interim Guidance Regarding Detention Authority for Applicants for Admission* at https://perma.cc/5GKM-JYGX (last checked Oct. 20, 2026). Petitioner's notice to appear charges him with being present "without being admitted or paroled." ECF No. 7 at 8; *see also id.* at 13 (noting administrative charge of being an "alien present without admission or parole"). There is no evidence in the record that petitioner was provided an initial custody determination or Form I-286. *See* ECF No. 7.

Conversely, if ICE in fact detained petitioner under section 1225(b), and the 1226(a) argument by the government is a *post hoc* rationalization in light of subsequent case law, then this also supports habeas relief, as respondent's months-long detention of petitioner under the wrong statutory authority cannot be remedied by a section 1226(a) bond hearing. *See Betancourt Ulloa v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-3360-DAD-CKD, 2026 WL 2389805 (E.D. Cal. Aug. 17, 2026) (collecting cases rejecting *post hoc* rationalizations for immigration detention authority); *see also Cortes Cortes v. Warden of the Golden State Annex Det. Facility*, No. 1:26-cv-6609-DC-JDP, 2026 WL 2494984, at * 3 (E.D. Cal. Aug. 25, 2026). Whichever statutory provision ICE used to detain petitioner, it appears that ICE has not provided petitioner the statutory or regulatory process that he was due.

Turning to the procedural due process claim not addressed by the Middle District of Florida, s*ee* ECF No. 7 at 55, I must first consider whether there exists a protected liberty interest under the Due Process Clause, and, second, I must evaluate what procedures are necessary to ensure that any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). I consider each in turn.

Respondent addresses the liberty interest but fails to explicitly discuss the impact of petitioner's original release from immigration custody on his own recognizance.[5] ECF No. 7 at 4. DHS released petitioner into the United States on his own recognizance on December 12, 2021. *Id.* at 16. Courts in this Circuit have repeatedly found that noncitizens released from immigration custody acquire a liberty interest in their continued release. *See, e.g.*, *Labrador-Prato v. Noem*, No. 1:25-cv-1598-DC-SCR, 2025 WL 3458802, at *5 (E.D. Cal. Dec. 2, 2025); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." *Rico-Tapia v. Smith*, No. 1:25-cv-0379-SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) and *Morrissey v. Brewer*,

[5] Respondent's discussion of the three factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), *see* ECF No. 7 at 3-4, implicitly acknowledges that petitioner has a protected liberty interest under the Due Process Clause.

408 U.S. 471, 481-82 (1972)).

Petitioner's initial release and time out of custody have created a substantial constitutionally protected liberty interest in continued release. *See Guillermo M. R. v. Kaiser*, No. 25-cv-5436-RFL, 2025 WL 1983677, at *4 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is *inherent* in the Due Process Clause"); *Ortega v. Kaiser*, No. 25-cv-5259-JST, 2025 WL 1771438, at *3 (N.D. Cal. June 26, 2025) (collecting cases finding released noncitizens to have strong liberty interests); *see also Capote v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-3168-JLT-EPG, 2026 WL 1415306, *2 (E.D. Cal. May 20, 2026) (granting writ of habeas corpus where petitioner had been previously paroled into the United States pursuant to the Cuban Humanitarian Parole program).

Once a court has found that a noncitizen has a liberty interest in continued release, the court must next determine what procedural protections the government must afford the noncitizen before depriving him of that liberty interest. This requires balancing the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *See Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017) (applying *Mathews* factors in immigration detention context).

The *Mathews* test requires courts to consider:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

First, petitioner has a significant private interest in his freedom. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. Petitioner has a private interest in his continued release that developed over the years that he was at liberty in the United States on his own recognizance. *See Noori v. LaRose*, No. 25-cv-1824-GPC-MSB, 2025 WL 2800149, at *10 (S.D. Cal. Oct. 1, 2025) ("Petitioner has a private interest

in remaining free, which developed over the year he resided in the United States.").

Turning to the second *Mathews* factor, the risk of erroneous deprivation without a bond hearing is high. Prior to releasing petitioner permission into the United States, the government necessarily determined that he presented neither a danger to the community nor a risk of flight. *See Pinchi*, 792 F. Supp. 3d at 1034 (explaining that a petitioner's "release from ICE custody after her initial apprehension reflected a determination by the government that she was neither a flight risk nor a danger to the community"). Absent a pre-deprivation bond hearing in front of a neutral arbiter, the risk of erroneous deprivation is high given the possibility that petitioner's detention will not be pursuant to a valid state interest. *See Omer G.G. v. Kaiser*, No. 1:25-cv-01471-KES-SAB, 2025 WL 3254999, at *7 (E.D. Cal. Nov. 22, 2025) ("Civil immigration detention, which is 'nonpunitive in purpose and effect[,]' is justified when a noncitizen presents a risk of flight or danger to the community.") (quoting *Zadvydas*, 533 U.S. at 690).

Respondent offers no evidence or argument indicating that any procedural safeguards were employed prior to petitioner's detention; more generally, it gives the court no reason to believe that any efforts have been made to prevent erroneous deprivation of petitioner's liberty. *See* ECF No. 7. Accordingly, the probable value of additional procedural safeguards is high. *See A.E. v. Andrews*, No. 1:25-cv-0107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025), *report and recommendation adopted*, 2025 WL 1808676 (E.D. Cal. July 1, 2025).

"Third, the Government's interest in detaining Petitioner without notice, reasoning, and a hearing is 'low.'" *Salazar v. Casey*, No. 25-cv-2784-JLS, 2025 WL 3063629, at *5 (S.D. Cal. Nov. 3, 2025) (citation omitted). "In immigration court, custody hearings are routine and impose a 'minimal' cost." *Carballo v. Andrews*, No. 1:25-cv-0978-KES-EPG, 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025) (quoting *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025)). Respondent has not provided any information about the additional burden it would bear as a result of being required to provide a constitutionally adequate pre-deprivation hearing. *See* ECF No. 7.

Accordingly, a consideration of the *Mathews* factors demonstrates that petitioner's detention without a pre-deprivation hearing violated his due process rights. Given this finding,

the court must determine the appropriate remedy. Petitioner seeks immediate release. ECF No. 1 at 7. Respondent argues that petitioner may obtain a statutory bond hearing if only he requests one. ECF No. 7 at 5. However, as petitioner was re-detained in violation of his liberty interest, he is entitled to a constitutionally adequate bond hearing that places the burden of proof on the government by clear and convincing evidence. *See Martinez v. Clark*, 124 F.4th 775, 780 (9th Cir. 2024) (procedural due process requires a bond hearing where the government bears the burden to prove by clear and convincing evidence that petitioner is a danger or a flight risk); *Lopez v. Garland*, 631 F. Supp. 3d 870, 882 n.9 (E.D. Cal. 2022) (collecting cases). A statutory bond hearing is insufficient to render constitutional due process as it puts the burden on the noncitizen, not the government. *See Matter of Siniauskas*, 27 I. & N. Dec. 207, 207 (BIA 2018) ("An alien in a custody determination under . . . 8 U.S.C. § 1226(a), must establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger. . . .").

The Supreme Court has recognized that "[h]abeas is at its core a remedy for unlawful executive detention," and the "typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention."). To satisfy due process, "the Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original). In some circumstances, however, the Court has held that a post-deprivation hearing satisfies due process, such as where there is "the necessity of quick action by the State or the impracticality of providing any predeprivation process." *Id*. at 128 (cleaned up).

Where a petitioner is entitled to a pre-deprivation hearing, courts have found that "[t]he appropriate relief . . . is their immediate release from custody, and to be provided with relief returning them to status quo ante, i.e., the last uncontested status which preceded the pending controversy." *Cardin Alvarez v. Rivas*, No. 25-cv-2943-PHX-GMS, 2025 WL 2898389, at *21 (D. Ariz. Oct. 7, 2025), *report and recommendation adopted in part, rejected in part on other grounds*, 2025 WL 2899092 (D. Ariz. Oct. 10, 2025). I do not find, and respondent does not

argue, that there was any necessity of quick action, or that providing a pre-deprivation hearing was impractical. Although it appears that petitioner was arrested in April 2026 for neglect of a child, the state prosecutor filed a "*nolle prosequi*" with the court on June 2, 2026, notifying the court that charges would not be pursued. *See* ECF No. 7 at 37. In analogous situations, courts have held that while an arrest for certain crimes subjects an individual to mandatory detention under 8 U.S.C. § 1226(c), such detention becomes unconstitutional after prosecutors decline to bring charges stemming from the arrest. *See E.C. v. Noem*, No. 2:25-cv-1789-RFB-BNW, 2025 WL 2916264, at *11 (D. Nev. Oct. 14, 2025) ("And if § 1226(c) mandates [p]etitioner's detention, with no regard for the fact that he was acquitted of all criminal charges through the procedural protections provided in the underlying criminal proceedings, that provision would be unconstitutional as applied to [p]etitioner."); *Singh v. Chestnut*, No. 1:26-cv-0546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026) ("As [p]etitioner notes, however, requiring mandatory detention because of a mere arrest for which prosecutors concluded they did not have sufficient evidence to charge [p]etitioner with a crime, raises serious due process concerns.").

Accordingly, I find that the "typical remedy" of release is appropriate because the government has not provided a lawful justification for re-detaining petitioner without a pre-deprivation hearing, and the government has failed to provide a prompt post-deprivation hearing that comports with due process. *See Munaf*, 553 U.S. at 693; *see also Lopez Alonza v. Warden*, No. 1:26-cv-3059-DJC-JDP, 2026 WL 2390826, at *5 (E.D. Cal. Aug. 17, 2026), *report and recommendation adopted*, 2026 WL 2446693 (E.D. Cal. Aug. 20, 2026). Petitioner's due process rights have been violated such that the appropriate relief is immediate release from custody, thereby returning him to the "status quo ante." *See Cardin Alvarez*, 2025 WL 2898389, at *21.

**Conclusion**

Accordingly, it is hereby ORDERED that petitioner's motion to appoint counsel, ECF No. 3, is DENIED.

Further, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondent's motion to dismiss, ECF No. 7, be DENIED.

3. Respondent be ordered to immediately release petitioner (A-Number: 220-833-480) from its custody on the same conditions as prior to his detention. Respondent shall not impose any additional restrictions on petitioner, unless that is determined to be necessary at a future pre-deprivation hearing. If the government seeks to re-detain petitioner, it must provide no less than seven days' notice to petitioner and must hold a constitutionally compliant pre-deprivation bond hearing before a neutral arbiter at which the government bears the burden of proving flight risk or danger by clear and convincing evidence. This order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

4. The Clerk of Court be directed to serve Central Valley Annex Detention Facility with a copy of this order.

5. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 21, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE